UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LASERDYNAMICS USA, LLC,

    Plaintiff,

-against-

VIVID ENTERTAINMENT, LLC,

    Defendant.

---

Civil Action No.: 15-cv-03657

**COMPLAINT AND DEMAND FOR JURY TRIAL**

ECF Case

Plaintiff LaserDynamics USA, LLC ("LDUSA"), by and through its attorneys, Kheyfits & Maloney LLP, as and for its complaint against Defendant Vivid Entertainment, LLC ("Vivid"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., for infringement by Defendant Vivid of one or more claims of U.S. Patent No's. 6,426,927 (the "'927 patent"), 6,529,469 (the "'469 patent"), and 7,116,629 (the "'629 patent") (collectively, the '927 patent, the '469 patent, and the '629 patent are referred to herein as the "Patents-in-Suit").

### PARTIES

2. Plaintiff LDUSA is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 75 Montebello Road, Suffern, New York 10901.

3. On information and belief, Defendant Vivid is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 3599 Cahuenga Blvd. W., Los Angeles, California 90068.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Vivid pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3). On information and belief, this Court has general jurisdiction over Vivid based on its continuous and systematic conduct within New York, including, *inter alia*, Vivid's continuous contacts with, and sales to, customers in New York, importation of products into New York, and joint ventures located in New York, and entered into with New York entities. On information and belief, Vivid is also subject to specific jurisdiction of this Court because, *inter alia*, Vivid has committed acts of patent infringement alleged in this Complaint within the state of New York and elsewhere, causing injury within the state.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, Plaintiff LDUSA's principal place of business is located in this judicial district, the Patents-in-Suit are assigned to the Plaintiff, and infringement of the Patents-in-Suit has occurred and is occurring in this judicial district.

## BACKGROUND

7. The '927 patent is entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System."

8. The '469 patent is entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System."

9. The '629 patent is entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System."

10. The inventions of the Patents-in-Suit generally relate to optical disk recording and reproducing technologies.

11. Yasuo Kamatani invented the technology claimed in the Patents-in-Suit.

12. On information and belief, Vivid manufactures, uses, sells, offers to sell, and/or replicates dual-layer optical discs, and/or causes others to manufacture, use, sell, offer to sell, and/or replicate dual-layer optical discs. On information and belief, at least the dual-layer optical discs currently replicated, manufactured, used, sold and/or offered for sale by Vivid, and/or on behalf of Vivid, including, for example, *Avengers XXX 2: An Axel Braun Parody*, use the technology of the Patents-in-Suit.

13. By correspondence, including letters dated December 9, 2014 and March 6, 2015, non-party General Patent Corporation ("GPC"), in its role as the managing member of LDUSA, notified Vivid of the existence of the Patents-in-Suit and Vivid's infringement thereof.

14. Accordingly, and on information and belief, Defendant Vivid has received notice of the Patents-in-Suit, and of Vivid's infringement thereof.

**COUNT I: INFRINGEMENT OF THE PATENTS-IN-SUIT BY VIVID**

15. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

16. On July 30, 2002, the United States Patent and Trademark Office duly and lawfully issued the '927 patent, entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '927 patent is attached hereto as Exhibit A.

17. On March 4, 2003, the United States Patent and Trademark Office duly and lawfully issued the '469 patent, entitled "Data Recording And Reproducing Method For

Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '469 patent is attached hereto as Exhibit B.

18.  On October 3, 2006, the United States Patent and Trademark Office duly and lawfully issued the '629 patent, entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '629 patent is attached hereto as Exhibit C.

19.  LDUSA is the owner by assignment of the Patents-in-Suit, and has the right to sue and recover damages for infringement thereof.

20.  Vivid is not licensed under the Patents-in-Suit, yet Vivid knowingly, actively, and lucratively practices the claimed inventions of the patents.

21.  On information and belief, Vivid has been and is now directly infringing one or more claims of the Patents-in-Suit by making, using, importing, providing, supplying, distributing, selling and/or offering to sell infringing products, and/or having made, used, imported, provided, supplied, distributed, sold, and/or offered for sale infringing products, and is, therefore, liable to LDUSA pursuant to 35 U.S.C. § 271. Vivid's infringing products include, but are not limited to, at least dual-layer optical discs.

22.  Vivid is therefore liable for direct infringement of the Patents-in-Suit pursuant to 35 U.S.C § 271(a).

23.  On information and belief, Vivid also indirectly infringes under 35 U.S.C. § 271(b) by way of inducing others, including its customers, distributors, resellers, and/or disc replicators, to make, use, import, provide, supply, distribute, sell and offer to sell products that infringe one or more claims of the Patents-in-Suit in the United States generally, and in the Southern District of New York in particular. More specifically, on information and belief, Vivid

has knowledge of the Patents-in-Suit, intends to induce its customers, distributors, resellers, and/or disc replicators to infringe the patents through its advertising, sales, offers for sale, attendance at trade shows, and instructions and specifications provided to those customers, distributors, resellers and/or disc replicators, including but not limited to those relating to the replication of dual-layer optical discs, and understands that such actions amount to infringement. Also, on information and belief, Vivid, with knowledge of the Patents-in-Suit, through advertising and other forms of communication, including its market presence and attendance at trade shows, induces end users to infringe the Patents-in-Suit by using Vivid's dual-layer optical discs.

24. The acts of infringement by Vivid have caused and will continue to cause damage to LDUSA. LDUSA is entitled to recover damages from Vivid in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284. The full measure of damages sustained as a result of Vivid's wrongful acts will be proven at trial.

25. Vivid has infringed and continues to infringe despite an objectively high likelihood that its actions constitute infringement of LDUSA's valid patent rights. On information and belief, Vivid knew of or should have known of this objectively high risk at least as early as its receipt of this Complaint and/or when it became aware of the Patents-in-Suit or earlier. Thus, Vivid's infringement of the Patents-in-Suit has been and continues to be willful.

26. LDUSA intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and treble damages under 35 U.S.C. § 284 as well as its attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

27. Upon information and belief, the acts of infringement by Vivid will continue unless enjoined by this Court.

28.     LDUSA has been and will be irreparably harmed and damaged by the acts of infringement of the Patents-in-Suit by Vivid and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, LDUSA prays for the judgment in its favor against Vivid granting LDUSA the following relief:

A.  Entry of judgment in favor of LDUSA against Vivid on all counts;

B.  Entry of judgment that Vivid has infringed the Patents-in-Suit;

C.  Entry of judgment that Vivid's infringement of the Patents-in-Suit has been willful;

D.  An order permanently enjoining Vivid together with its officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, from infringing the Patents-in-Suit;

E.  Award of compensatory damages adequate to compensate LDUSA for Vivid's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

F.  LDUSA's costs;

G.  Pre-judgment and post-judgment interest on LDUSA's award; and

H.  All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated: New York, New York  
May 12, 2015

KHEYFITS & MALONEY LLP

By: *[signature]*  
Dmitriy Kheyfits  
dkheyfits@kheyfitsmaloney.com  
Michael James Maloney  
mmaloney@kheyfitsmaloney.com  
1140 Avenue of the Americas  
9th Floor  
New York, New York 10036  
Tel. (212) 203-5399  
Fax. (212) 203-6445  

*Attorneys for Plaintiff LaserDynamics USA LLC*