UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASERDYNAMICS USA, LLC,<br><br>　　　　　Plaintiff,<br><br>　-against-<br><br>VIVID ENTERTAINMENT, LLC,<br><br>　　　　　Defendant. | Civil Action No.: 1:15-cv-3657-RWS<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff LaserDynamics USA, LLC ("LDUSA"), by and through its attorneys Kheyfits & Maloney LLP, as and for its complaint against Defendant Vivid Entertainment, LLC ("Vivid"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*., for infringement by Defendant Vivid of one or more claims of U.S. Patent No's. 6,426,927 (the "`927 patent"), 6,529,469 (the "`469 patent"), and 7,116,629 (the "`629 patent") (collectively, the `927 patent, the `469 patent, and the `629 patent are referred to herein as the "Patents-in-Suit").

## PARTIES

2. Plaintiff LDUSA is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 75 Montebello Road, Suffern, New York 10901. The sole member of LDUSA is Kamatani Technologies, Inc.

3. On information and belief, Defendant Vivid is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 3599 Cahuenga Blvd. W., Los Angeles, California 90068.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Vivid pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3). On information and belief, this Court has general jurisdiction over Vivid based on its continuous and systematic conduct within New York, including, *inter alia,* Vivid's continuous contacts with, and sales to, customers in New York, importation of products into New York, and joint ventures located in New York, and entered into with New York entities. On information and belief, Vivid is also subject to specific jurisdiction of this Court because, *inter alia*, Vivid has committed acts of patent infringement alleged in the Complaint and this First Amended Complaint within the state of New York and elsewhere, causing injury within the state.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, Plaintiff LDUSA's principal place of business is located in this judicial district, the Patents-in-Suit are assigned to the Plaintiff and infringement of the Patents-in-Suit has occurred and is occurring in this judicial district.

## BACKGROUND

### The Patents-in-Suit

7. The `927 patent is entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System."

8. The `469 patent is entitled "Data Recording And Reproducing Technique For Multi-Layered Optical Disk System."

2

9. The `629 patent is entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System."

10. The inventions of the Patents-in-Suit generally relate to multi-layer optical disks and disk recording and disk reproducing technologies relating to multi-layer optical disks.

11. Yasuo Kamatani invented the technology claimed in the Patents-in-Suit.

## The Infringing Products

12. On information and belief, Vivid manufactures, uses, sells, and/or offers for sale opposite-track path, dual-layer optical discs for consumers in the United States. On information and belief, Vivid has substantial experience concerning the production, manufacture, sale and distribution of opposite-track path, dual-layer video digital versatile discs ("DVDs").

13. On information and belief, certain of the DVDs manufactured by Vivid are manufactured in conformance with a format of opposite-track path, dual-layer optical disc commonly known in the industry as "DVD-9" discs. On information and belief, dual layer optical discs manufactured by Vivid in conformance with the DVD-9 formant, including for example Vivid's *Avengers XXX 2: An Axel Braun Parody*, infringe at least claims 1 and 3 of the `927 patent, claims 1 and 10 of the `469 patent, and/or claims 1 and 6 of the `629 patent because those discs contain each of the elements claimed in the aforementioned claims. In the alternative and on information and belief, Vivid causes others to manufacture DVD-9 discs on Vivid's behalf and those DVD-9 discs infringe at least the aforementioned claims of the Patents-in-Suit.

14. On information and belief, in addition to the manufacture of DVD-9 and other dual-layer discs, Vivid also offers to distributors, wholesalers, retailers, and/or other parties agreements, solicitations and/or other incentives for the purpose of inducing such person(s) to purchase, distribute, import, sell, and/or offer to sell infringing dual-layer optical discs.

15. On information and belief, the purchase, distribution, importation, sale, and/or offer for sale by distributors, wholesalers, retailers, and/or other parties of DVD-9 discs amounts to infringement.

16. By correspondence, including letters dated December 9, 2014 and March 6, 2015, non-party General Patent Corporation ("GPC"), in its role as manager of LDUSA, notified Vivid of the existence of the Patents-in-Suit and Vivid's infringement thereof. With the foregoing letters, LDUSA provided to Vivid copies of the Patents-in-Suit.

17. In addition and on information and belief, Vivid is in the business of producing, distributing and/or selling movies on DVD-9 discs. By way of its experience in this business, Vivid knows or should know the features of DVD-9 discs, including the features claimed in the Patents-in-Suit.

18. Accordingly, and on information and belief, Defendant Vivid has received notice of the Patents-in-Suit and of Vivid's infringement thereof.

**COUNT I:  INFRINGEMENT OF THE PATENTS-IN-SUIT BY VIVID**

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. On July 30, 2002, the United States Patent and Trademark Office duly and lawfully issued the '927 patent, entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '927 patent is attached hereto as Exhibit A.

21. On March 4, 2003, the United States Patent and Trademark Office duly and lawfully issued the '469 patent, entitled "Data Recording And Reproducing Technique For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '469 patent is attached hereto as Exhibit B.

22. On October 3, 2006, the United States Patent and Trademark Office duly and lawfully issued the '629 patent, entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '629 patent is attached hereto as Exhibit C.

23. LDUSA is the owner by assignment of the Patents-in-Suit, and has the right to sue and recover damages for infringement thereof.

24. Vivid is not licensed under the Patents-in-Suit, yet Vivid knowingly, actively, and lucratively practices the claimed inventions of the patents.

25. On information and belief, Vivid has been and is now directly infringing at least claims 1 and 3 of the `927 patent, claims 1 and 10 of the `469 patent, and/or claims 1 and 6 of the `629 patent by making, using, importing, providing, supplying, distributing, selling and/or offering to sell infringing products. Vivid's infringing products include, but are not limited to, at least opposite-track path, dual-layer optical discs known in the industry as "DVD-9" discs or other opposite-track path, dual-layer optical discs that are substantially similar to DVD-9 discs.

26. Vivid has knowledge of the Patents-in-Suit. On information and belief, Vivid received notice of the Patents-in-Suit and Vivid's infringement thereof at least as early as the date on which Vivid received the letters sent by Plaintiff's manager, GPC.

27. Vivid is therefore liable for direct infringement of the Patents-in-Suit pursuant to 35 U.S.C § 271(a).

28. The acts of infringement by Vivid have caused and will continue to cause damage to LDUSA. LDUSA is entitled to recover damages from Vivid in an amount no less

than a reasonable royalty pursuant to 35 U.S.C. § 284.  The full measure of damages sustained as a result of Vivid's wrongful acts will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, LDUSA prays for the judgment in its favor against Vivid granting LDUSA the following relief:

    A.    Entry of judgment in favor of LDUSA against Vivid on all counts;

    B.    Entry of judgment that Vivid has infringed the Patents-in-Suit;

    C.    Award of compensatory damages adequate to compensate LDUSA for Vivid's infringement of the Patents-in-Suit, in no event less than a reasonable royalty as provided by 35 U.S.C. § 284;

    D.    LDUSA's costs;

    E.    Pre-judgment and post-judgment interest on LDUSA's award; and

    F.    All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated:  New York, New York  
         September 11, 2015

Respectfully submitted,

KHEYFITS & MALONEY LLP

By:    /s/ Michael James Maloney     
      Dmitriy Kheyfits  
      dkheyfits@kheyfitsmaloney.com  
      Michael James Maloney  
      mmaloney@kheyfitsmaloney.com  
1140 Avenue of the Americas  
9th Floor  
New York, New York  10036  
Tel. (212) 203-5399

Fax. (212) 203-6445

*Attorneys for Plaintiff LaserDynamics USA LLC*